COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Cecilia Clinkscale v. Paul Scott, MGA Insurance Company, Incorporated ("Gainsco") and Gainsco Auto Insurance Agency, Incorporated

Appellate case number:   01-15-00561-CV

Trial court case number:   2014-35232A

Trial court:             164th District Court of Harris County

Appellant, Cecilia Clinkscale, has filed a second motion requesting an extension of time to file a motion for rehearing from the opinion dismissing this appeal for want of prosecution. Because the Court has provided Clinkscale with extensions throughout this case and a brief has yet to be filed, we deny the motion and dismiss all other pending motions as moot.

## Background

On June 24, 2015, Clinkscale filed a notice of appeal purporting to appeal from an April 17, 2015 order granting a motion to sever in the underlying case. On July 1, 2015, Clinkscale filed an amended notice of appeal purporting to appeal from an April 10, 2015 order for interlocutory summary judgment as well as the April 17, 2015 order to sever. On July 10, 2015, Clinkscale filed another notice of appeal of the April 10, 2015 and April 17, 2015 orders, attaching a "Motion to Proceed in Forma Pauperis" and supporting affidavit.

**Extension of Time to File Affidavit of Indigence**. An appellant must filed the affidavit of indigence in the trial court with or before the notice of appeal. TEX. R. APP. P. 20.1(c)(1). However, the appellate court may extend the time to file an affidavit of indigence if, within 15 days after the deadline for filing the affidavit, the party files an extension request complying with Rule 10.5(b). TEX. R. APP. P. 20.1(c)(3). Here, Clinkscale filed her original notice of appeal with the trial court on June 24, 2015 and did not file her affidavit of indigence until 16 days later, on July 10, 2015, when she filed another notice of appeal. In an apparent recognition of her untimely affidavit, on July 17, 2015, Clinkscale filed a "Motion for Extension of Time to File Affidavit in Support of Motion to Proceed in Forma Pauperis" requesting an extension of 21-days beyond the deadline for filing her affidavit. On July 27, 2015, Clinkscale filed an amended motion for extension of time to file her affidavit.

**Extension of Time to Respond to Notice of Intent to Dismiss**. On August 18, 2015 this Court sent a notice of intent to dismiss for want of jurisdiction due to the untimely notice of appeal

and requested a response from Clinkscale by August 28, 2015. On August 31, 2016, Clinkscale filed a late response followed by a subsequent September 2, 2015 motion to extend the time for filing her response. We granted the extension the next day and the response deadline was extended to August 31, 2015. In her response, Clinkscale claimed that she inadvertently filed a motion for new trial on May 11, 2015 under the wrong case number and that the motion for new trial extended her deadline to file a notice of appeal to 90 days from the judgment.

**Record Ordered Without Cost and Brief Ordered Filed**. On August 31, 2015, Clinkscale filed another notice of appeal purporting to appeal from an August 19, 2015 order of the trial court affirming the contest to her indigency affidavit. On January 14, 2016, this Court issued an order construing Clinkscale's August 31, 2015 notice of appeal as a timely filed Rule 20.1(j) motion challenging the trial court's denial of indigence. *See* TEX. R. APP. P. 20.1(j)(1) ("If a trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court without advance payment of costs."); TEX. R. APP. P. 20.1(j)(2) ("The motion must be filed within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later."); TEX. R. APP. P. 4.1 (computing deadlines falling on weekend to be next day that is not on weekend or holiday). Construing the notice of appeal as a timely filed motion, the trial court clerk and court reporter were required to file a clerk's record and reporter's record regarding indigence within 3 days of the motion. *See* TEX. R. APP. P. 20.1(j)(3) (requiring record regarding indigence to be filed within three days after motion challenging order sustaining contest is filed). Because the record on indigence was not timely filed, Clinkscale's motion could not be submitted to the court within 10 days; thus, we held the motion granted by operation of law. *See* TEX. R. APP. P. 20.1(j)(4) ("If the appellate court does not deny the motion within 10 days after it is filed, the motion is granted by operation of law.").This court deemed Clinkscale indigent and orderd the clerk's record and reporter's record filed within 30 days without cost. Clinkscale's brief was ordered to be filed 30 days after the later of the date the clerk's record or the reporter's record was filed. *See* TEX. R. APP. P. 20.1(k). On the same days as our order, the clerk's record was filed and the court reporter filed an information sheet indicating that a reporter's record was not taken. Accordingly, Clinkscale's brief was due on February 16, 2016.

**Extension of Time to File Brief and Dismissal for Failure to File Brief**. After Clinkscale failed to file her brief by the ordered deadline, the Clerk of this Court sent a notice on March 1, 2016 informing Clinkscale that the time for filing her brief had expired and that the appeal would be dismissed unless she filed her brief or an extension request by March 11, 2016. On March 14, 2016, Clinkscale filed her first request for an extension of time to file her brief, requesting an extension of 30 days from the filing of her motion to April 11, 2016. This Court granted the extension on the same day. On April 11, 2016, Clinkscale filed a second request for an extension, requesting an additional 39-days to May 20, 2016. On April 19, 2016, we denied the motion and notified Clinkscale that her appeal would be dismissed for want of prosecution if her brief was not filed by May 16, 2016 (90 days after the original due date).

Clinkscale failed to timely file her brief; consequently, her appeal was dismissed two weeks later, on June 2, 2016. *See Clinkscale v. Scott*, No. 01-15-00561-CV, 2016 WL 3162003, at *1 (Tex. App.—Houston [1st Dist.] June 2, 2016). Although Clinkscale previously filed her motions electronically, on June 6, 2016, the Clerk of the Court received a mailed request from Clinkscale, dated May 31, 2016, requesting a third extension of time to file her brief to June 14, 2016. No brief accompanied this request.

**Extensions of Time to File Motion for Rehearing and Failure to File Motion for Rehearing**. The deadline for filing a motion for rehearing of the dismissal was June 17, 2016. *See* TEX. R. APP. P. 49.1 (motion for rehearing due 15 days after court of appeals' judgment or order is rendered). At 11:51PM on June 17, 2016, Clinkscale electronically filed a motion requesting an extension of time to file a motion for rehearing by an additional 28 days to July 15, 2016. We granted the motion on June 20, 2016. On August 2, 2016, Clinkscale filed another extension motion followed by an amended extension motion on August 9, 2016 requesting an extension to August 15, 2016. On August 30, 2016, after the date requested by Clinkscale passed and she failed to file her motion for rehearing, Clinkscale filed yet another extension request seeking a further extension to September 6, 2016. Once again, the date requested by Clinkscale has passed and she has failed to file her motion for rehearing.

## Conclusion

Clinkscale has displayed a consistent pattern of delay by requesting numerous extensions and then failing to file the required brief or pleading. Clinkscale's appeal was dismissed because she failed to file her brief. Now, Clinkscale seeks to delay rehearing in the same manner without filing the motion itself. Moreover, the time requested in Clinkscale's last two requests for an extension of time to file a motion for rehearing has passed and she has failed to file her motion.

To date, Clinkscale has neither filed a brief nor a motion for rehearing in this case. The Fourteenth Court of Appeals, in a case with similar delays, denied repeated extension requests from Clinkscale and dismissed her appeal for failing to file a brief. *See Clinkscale v. Brown*, No. 14-10-01080-CV, 2011 WL 4507073, at *1 (Tex. App.—Houston [14th Dist.] Sept. 29, 2011). Chronicling a similar pattern displayed by Clinkscale in the case pending before this Court, our sister court observed:

> This is an appeal from a judgment signed July 20, 2010. The clerk's record was filed December 28, 2010. No reporter's record was taken.

> After this case was stayed for mediation, appellant's brief was due May 2, 2011. Appellant was granted two extensions of time to file her brief. The second extension was granted on June 15, 2011, until July 22, 2011. When we granted this extension, we noted that no further extensions would be granted. No brief was filed. On July 28, 2011, appellant was ordered to file a brief, and a motion reasonably explaining why the brief was late, with the clerk of this court on or before August 29, 2011.

> On August 3, 2011, appellant filed another motion for extension of time to file her brief. The motion was denied and appellant against ordered to file her brief on or before September 15, 2011. Appellant was informed that failure to comply with the order would result in dismissal of the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

> On September 15, 2011, appellant filed another motion to extend time to file her brief. As of this date, no brief has been filed. Accordingly, the motion is denied and the appeal is ordered dismissed.

*Id*.

We note that previous appeals filed by Clinkscale in this Court have been dismissed due to her failure to file required fees after being notified that her appeals were subject to dismissal. *See Clinkscale v. Daniels*, No. 01-14-00968-CV, 2015 WL 1743391, at *1 (Tex. App.—Houston [1st

Dist.] Apr. 16, 2015) (dismissing for nonpayment of required fees); *Clinkscale v. Corp. Auto Servs.*, Inc., No. 01-15-00938-CV, 2016 WL 1106871, at *1 (Tex. App.—Houston [1st Dist.] Mar. 22, 2016) (dismissing for nonpayment of required fees and want of prosecution).

Accordingly, we **deny** Clinkscale's request for a further extension of time to file a motion for rehearing. We further **deny** all other pending motions as moot.

It is so ORDERED.

Judge's signature: /s/ Jane Bland_____
                              Acting for the Court

Panel consists of Justices Higley, Bland, and Massengale.

Date:  September 13, 2016